**UNITED STATES of America,
Plaintiff,**

v.

**INDUSTRIAL NATIONAL BANK OF
RHODE ISLAND, Defendant.**

Civ. A. No. 3841.

United States District Court
D. Rhode Island.

Sept. 21, 1967.

C. Westbrook Murphy, Kirtley M. Thiesmeyer, Dept. of Justice, Charles E. White, Office of Comptroller of Currency, Washington, D. C., Edward P. Gallogly, U. S. Atty., Providence, R. I., for plaintiff.

Matthew W. Goring, George M. Vetter, Jr., Providence, R. I., for Industrial Nat. Bank of Rhode Island.

William F. McMahon, of Roberts & McMahon, Providence, R. I., for intervenor.

## OPINION

DAY, Chief Judge.

This is an action to recover certain national bank examination reports from the defendant, Industrial National Bank of Rhode Island and to enjoin the illegal disclosure of the contents of said reports. Jurisdiction of this Court exists under the provisions of 28 U.S.C. § 1345.

In its verified complaint plaintiff alleges that since before 1956 national bank examiners from the Office of the Comptroller of the Currency, as required by 12 U.S.C. § 481, examined the books and records of the defendant at least three times in every two years; that reports of these examinations were prepared by said bank examiners for the use of the Comptroller of the Currency in administering the national banking system; that a copy of each of said reports has been loaned to the defendant for its confidential use for the limited purpose of carrying out recommendations of the Comptroller of the Currency; that each of said reports bears the notation that it is confidential and is not to be disclosed in any manner to any person or organization whatsoever.

The complaint further alleges that on September 6, 1967, the Comptroller of the Currency learned for the first time that unless said reports are protected from disclosure the defendant will deliver and disclose them to unauthorized persons on September 12, 1967 in connection with a certain civil action pending in the Superior Court of the State of Rhode Island, said action being entitled 91065 Corp. v. Industrial National Bank, and docketed as Civil Action No. 155491; that neither the Comptroller of the Currency, the United States, nor any officer or agency thereof is a party to that litigation; that the Comptroller of the Currency has instructed the defendant not to deliver, or disclose the contents of any examination reports in its possession.

Plaintiff further alleges on information and belief that unless enjoined the defendant will on or after September 12, 1967 deliver said reports to persons not authorized by federal law to examine them, and will at or after that time divulge the contents of said reports to such persons. Additionally, it alleges that such delivery and disclosure would be contrary to the applicable laws and regulations of the United States, would make this action moot and would impede the Comptroller of the Currency in the performance of his statutory duty of supervising national banks and would be detrimental to the public interest.

Plaintiff seeks a permanent injunction restraining the defendant, its officers, directors, etc. from interfering with the repossession by the United States of all copies of said reports now possessed by the defendant, its officers, agents, etc., and restraining it and them from disclosing by delivery or otherwise the contents of said examination reports relating to the defendant. Pending the hearing of said action, the plaintiff sought a temporary restraining order and a preliminary injunction restraining the defendant from interfering with the repossession of said copies by the plaintiff and from divulging the contents thereof.

Said complaint was filed on September 8, 1967. Immediately thereafter a formal application for a restraining order in the form described above was presented to me for entry. Oral notice of said application had been given to counsel of record for the defendant who was present at that time. I declined to grant all the relief sought in said application but did enter an order restraining the defendant, its officers, directors, etc. from disclosing by delivery or otherwise the contents of said examination reports and directing the defendant, its officers, directors, etc. to retain in its and their possession all reports of said examinations and correspondence be-

tween the defendant and the Comptroller of the Currency until further order of this Court. Said temporary restraining order further provided that the plaintiff's prayer for a preliminary injunction be assigned for hearing to September 14, 1967.

At the outset of the hearing on September 14, 1967, said 91065 Corporation by its counsel moved to intervene as a defendant in this action. Its counsel had on September 6, 1967, in its behalf, caused a subpoena duces tecum to be issued to the President of the defendant commanding him to appear in said Superior Court on September 12, 1967 to testify in said civil action pending in said Superior Court, and to bring with him "Original and copies of any and all reports and correspondence during 1956, 1957, 1958 and 1959 by and between the defendant and any and all governmental bank examining authorities with respect to any and all loans then outstanding between the defendant and Clare Quinn or with respect to the collateral for such loan."

Counsel for the plaintiff objected strenuously to the granting of this motion. After oral argument, I concluded that since said subpoena duces tecum had been issued at the instance of the said 91065 Corporation, it was entitled to intervene as a party defendant herein under the provisions of Rule 24(a) of the Federal Rules of Civil Procedure.

No evidence was presented during the hearing on the prayer for a preliminary injunction, there being no genuine factual dispute between the parties. Counsel of record for the defendant bank maintained a completely neutral position, stating that his client did not seek to suppress or conceal any evidence in the state court proceedings and that he and it recognized its obligation to comply with said subpoena duces tecum unless compliance therewith for some reason is not required. Counsel for the plaintiff contended that said reports are its property and privileged, and that since the Comptroller of the Currency claims said privilege, plaintiff is entitled to a preliminary injunction against the disclosure of the contents thereof which said 91065 Corporation seeks by said subpoena duces tecum. Counsel for said 91065 Corporation contended that said reports are not privileged and that it is for the Court to determine the validity of the claim of privilege.

In support of its contention, plaintiff relies principally on the case of Overby v. United States Fidelity and Guaranty Co., 1955, 5 Cir., 224 F.2d 158. An analysis of the opinion in that case reveals that it is clearly distinguishable on its facts from the instant case and that it is not authority for the proposition that the mere assertion of a claim of privilege by the Government is conclusive on the issue of disclosure or that the production of the records and reports of examinations of national banks cannot be compelled in an action in which the United States is not a party. There the District Court had denied the validity of a claim of privilege by the Acting Secretary of the Treasury and ordered the President of the plaintiff bank, upon the motion of the defendant surety company, to produce for inspection all correspondence between said bank and the Comptroller of the Currency during the years 1948–1954, inclusive; all correspondence by and between said bank and the National Bank Examiners during the years 1948–1954, inclusive; and copies of all reports of examinations of said bank made by the Office of the Comptroller of the Currency or by National Bank Examiners for the years 1948–1954, inclusive.

An appeal from said order was duly taken by the Acting Secretary of the Treasury. In sustaining said appeal and reversing the judgment of the District Court, the Court of Appeals said at pages 162, 163:

"The question to be decided is whether there was a valid claim of privilege. The manner of assertion of the claim followed the course outlined in United

States v. Reynolds, 345 U.S. 1, 7–8, 73 S.Ct. 528, 532, 97 L.Ed. 727:

'There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'

"That case establishes the doctrine, we think, that while every reasonable effort should be made by the parties, by the court, and the head of the executive department to avoid a conflict of interests, in the final analysis, the court and not the executive officer is to determine the validity of the claim of privilege.

" 'The court itself must determine whether the circumstances are appropriate for the claim of privilege and yet do so without forcing the disclosure of the very thing the privilege is designed to protect. * * * Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.' United States v. Reynolds, supra, 345 U.S. at pages 8, 9–10, 73 S.Ct. at page 532. See also 8 Wigmore on Evidence, 3rd ed., Para. 2379, pp. 798–799."

The Court of Appeals, finding that the order to produce was in such broad terms as to require reversal, much of the matter which would have to be produced thereunder bearing no possible relevance to the defense of the bank's action, declined to pass upon the validity of the claim of privilege asserted by the Acting Secretary of the Treasury. In reversing the judgment of the District Court and remanding for further proceedings not inconsistent with its opinion, the Court of Appeals held 224 F.2d at page 164:

"If, however, the appellee surety demands more than the Secretary is willing to furnish without claiming privilege, it will be necessary for the Court to rule upon the validity of such claim."

Manifestly the subpoena duces tecum involved herein is specific and much more limited than was the order to produce in Overby v. United States Fidelity and Guaranty Co., supra. It commands the production of specific reports and correspondence relating to specific loans made by the defendant to one Clare Quinn or with respect to collateral for such loans. And it cannot be said that such matter has no possible relevance to the issues in said state court proceeding. On the contrary, it would appear that said subpoena duces tecum seeks the production and disclosure of matter which is clearly relevant thereto.

In my opinion, the plaintiff has failed to establish by the required degree of proof that the disclosure of said information contained in said reports and correspondence relating to said loans and with respect to collateral therefor would be detrimental to the public interest in a sound national banking system. In the absence of such proof, its claim of privilege is without validity.

Accordingly, the prayer of the plaintiff for a preliminary injunction must be and it is denied and said temporary restraining order entered herein on September 8, 1967 is vacated.